UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

EMMA S. PAZ-HERNANDEZ, and other similarly situated individuals,

    Plaintiff(s),

v.

ALEIDA'S CAFETERIA INC. d/b/a ENRIQUETA'S CAFETERIA and JOSE PLA and LUCIA PLA,

    Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs EMMA S. PAZ-HERNANDEZ ("Plaintiff") and other similarly situated individuals sue defendants ALEIDA'S CAFETERIA INC. d/b/a ENRIQUETA'S CAFETERIA, JOSE PLA, and LUCIA PLA (collectively, "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. ALEIDA'S CAFETERIA INC. d/b/a ENRIQUETA'S CAFETERIA (the "Corporate Defendant"), JOSE PLA and LUCIA PLA (the "Individual Defendants") are a

Florida company and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

### COUNT I: WAGE AND HOUR VIOLATION BY ALEIDA'S CAFETERIA INC. d/b/a ENRIQUETA'S CAFETERIA

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff, to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Section 206(a)(1) of the Act states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage in 2018 was $8.25 per hour. In 2019, the minimum wage rate was increased to $8.46 per hour.

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a restaurant and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate

commerce. Plaintiff was employed by the Corporate Defendant as a waitress for the Corporate Defendant's business.

11. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 51 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed. Plaintiff was employed as a waitress performing the same or similar duties as that of those other similarly situated waitresses whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

12. Plaintiff worked for the Corporate Defendant from approximately 06/25/2018 to the present. In total, Plaintiff has so far worked approximately 73 compensable weeks under the Act, or 73 compensable weeks if we count 3 years back from the filing of the instant action.

13. The Corporate Defendant paid Plaintiff on average approximately $225 per week.

14. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

15. In addition, the Corporate Defendant did not properly compensate Plaintiff all of her minimum wages for hours that she worked for the Defendant. Specifically, the weekly salary paid to Plaintiff ($225 per week) divided by the approximate number of hours worked by Plaintiff, equals close to $4.41 per hour, which was and is less than the minimum wage in Florida.

16. Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

17. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

  a. **Actual Damages: $18,167.78**

    i. <u>Calculation (Minimum Wages 2018)</u>: $225/ 51 = $4.41 - $8.25 (minimum wage rate) = $3.84 x 51 x 26 (compensable weeks in 2018) = $5,091.84.

    ii. <u>Calculation (Minimum Wages 2019)</u>: $225/ 51 = $4.41 - $8.46 (minimum wage rate) = $4.05 x 51 x 47 (compensable weeks in 2018) = $9,707.85.

    iii. <u>Calculation (Overtime Wages 2018)</u>: $8.25 x .5 = $4.13 x 11 x 26 (compensable weeks in 2018) = $1,181.18

    iv. <u>Calculation (Overtime Wages 2019)</u>: $8.46 x .5 = $4.23 x 11 x 47 (compensable weeks in 2019) = $2,186.91

  b. **Liquidated Damages: $18,167.78**

  c. **Total Damages: $36,335.56** plus reasonable attorneys' fees and costs of suit.

18. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, or the required minimum wage as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid minimum wage or overtime for hours worked in excess of forty per week.

19. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and

those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

21. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION by JOSE PLA and by LUCIA PLA

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. At the times mentioned, the Individual Defendants were, and are now, the Officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

24. The Individual Defendants are, and were at all times, relevant persons in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

25. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime and minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiff overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: December 12, 2019.

                                        Respectfully submitted,

                                        By: /s/ R. Martin Saenz
                                        R. Martin Saenz, Esquire
                                        Fla. Bar No.: 0640166
                                        Email: msaenz@saenzanderson.com
                                        SAENZ & ANDERSON, PLLC
                                        20900 NE 30th Avenue, Ste. 800
                                        Aventura, Florida 33180
                                        Telephone: (305) 503-5131
                                        Facsimile: (888) 270-5549